### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| Estate of Peggy Campbell by her Administrator Ad Prosequendum Anthony Campbell and Anthony Campbell, | : : : : | **Hon. Joseph H. Rodriguez** |
| Plaintiffs, | : : | |
| v. | : | Civil Action No. 15-7677 |
| South Jersey Medical Center, et. al., | : : : | |
| Defendants. | : : | **Opinion** |

This matter comes before the Court on Defendant Dr. Frinjari's Motion for a hearing pursuant to 42 U.S.C. § 233 (l)(2), [Dkt. No. 9]. The Court has considered the written submissions of the parties, including those submitted by the United States, as well as the arguments advanced at the hearing on November 30, 2016. For the reasons set forth below, the case is remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction.

### Background & Procedural History

Defendant Hassan Frinjari is a physician who practices obstetrics and gynecology. During the relevant time period, he was employed by Community Health Care, Inc. ("CompleteCare"), which is a community

1

"health center" receiving grant funds under Section 330 of the Public Health Service (PHS) Act, 42 U.S.C. § 254b), and a deemed PHS employee.

Plaintiffs are the Estate of Peggy Campbell, by her Administrator Ad Prosequendum Anthony Campbell and Anthony Campbell.  The Complaint alleges medical and/or professional malpractice against numerous medical professionals and a medical facility in the course of treatment and surgery for Plaintiffs' Decedent, Peggy Campbell.  For purposes of this motion, the relevant allegation is against Defendant Dr. Frinjari, who seeks immunity by virtue of his deemed PHS employee status. See 42 U.S.C. §§ 233(a) and (g).

At issue is the propriety of Defendant Dr. Frinjari's removal of this matter, which was originally filed in the Superior Court of New Jersey on April 23, 2013. (See Dkt. No. 1, Not. Removal).  This matter was removed on October 23, 2015 and removal is predicated upon the federal employee status of Dr. Frinjari, pursuant to the Federally Supported Health Centers Assistance Act of 1995 ("FSHCAA"), 42 U.S.C. § 233(c) and (g).

The FSHCAA permits the Secretary of the U.S. Department of Health and Human Services (HHS) to extend to federally-funded health center employees, *inter alia,* Section 233(a) protection.  Section 233 (a) protection immunizes federal employees "for actions arising out of the performance of

medical or related functions within the scope of their employment by barring all actions against them for such conduct." Hui v. Castaneda, 559 U.S. 799, 806 (2010) (emphasis added).

Dr. Frinjari claims that he received assurances from his employer, CompleteCare, that his defense in this case would be provided by the federal government because of the FSHCAA. See Frinjari Decl. ¶¶ 7-9.  As a result and because he claims he was never served with the summons and complaint, Dr. Frinjari took no action to defend himself.  In the meantime, the Superior Court of New Jersey dismissed the other defendants in this matter, with prejudice, because plaintiffs failed to file an Affidavit of Merit.  However, the claims against Dr. Frinjari remained and on January 24, 2014, plaintiffs filed a Request and Certification for Entry of Default.  Dr. Frinjari, was unaware that a request for default had been entered and the failed to respond.  As a result, on June 27, 2014, the Superior Court of New Jersey signed an Order for Judgment against Dr. Frinjari for $650,000.

Dr. Frinjari claims that he is immune from suit and that Plaintiffs' claim is properly against the United States under the FTCA. 28 U.S.C. § 1346(b)(1) (United States "district courts [...] have exclusive jurisdiction of civil actions on claims against the United States").  The issue in this case is whether after the entry of a default judgment awarding money damages

removal is proper even though Dr. Frinjari failed to provide notice to the Attorney General of Plaintiffs' lawsuit against him, perhaps because he was unaware or was not properly served[1], and the United States never substituted itself as the proper defendant.[2]  In other words, pursuant to 42 U.S.C. § 233(l)(2), and 28 U.S.C. § 2679(d)(3), Dr. Frinjari removed this matter- after the entry of a money judgment against him personally and without notice to the Attorney General, pursuant to 42 U.S.C. §233 (b), and/or without the substitution of the United States as the party defendant.

## Standard of Review

"In part due to the relatively high cost of obtaining malpractice insurance for treatment of . . . high-risk patients . . . the efforts to provide necessary medical care in . . . underserved areas initially faced significant roadblocks."  Wilson v. Big Sandy Health Care, Inc., 576 F.3d 329, 333 (6th Cir. 2009).  "In response, Congress passed the Federally Supported Health Centers Assistance Act of 1992, [("FSHCAA"), 42 U.S.C. §§ 201, 233]."

---

[1] For the purpose of this motion, the Court accepts Dr. Frinjari's allegation that he was not properly served and therefore entry of default judgment against him was improvident.  Even so, default was entered and the Court's function is to determine whether removal was proper. The Court cannot address the propriety of the judgment without first determining jurisdiction.

[2] Once notified, the Attorney General has a nondiscretionary duty to appear in court within 15 days of notice of the lawsuit to report whether the "Secretary has determined under subsections (g) and (h) of [Section 233], that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding."  Id. at § 233(l)(1).

Lomando v. United States, 667 F.3d 363, 371 (3d Cir. 2011).  The FSHCAA "created a process by which 'public and nonprofit private entities' receiving federal funds pursuant to 42 U.S.C. § 254b(c)(1)(A) and health practitioners that such entities employ 'shall be deemed to be [employees] of the Public Health Service.' 42 U.S.C. § 233(g)(1)(A)."  Id.

"[A]n action against the United States under the FTCA is the exclusive remedy for persons alleging 'personal injury, including death, resulting from the performance of medical . . . or related functions' by Public Health Service employees acting within the scope of their employment.  42 U.S.C. § 233(a); see also 42 U.S.C. § 233(g)(1)(A) (reiterating subsection 233(a)'s exclusivity clause)."  Lomando v. United States, 667 F.3d 363, 371-72 (3d Cir. 2011).  The FTCA requires a claimant to exhaust administrative remedies before bringing suit against the United States and provides, in relevant part:

> An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss or property
> or personal injury or death caused by the negligent or wrongful
> act or omission of any employee of the Government while acting
> within the scope of his office or employment, unless the
> claimant shall have first presented the claim to the appropriate
> Federal agency and his claim shall have been finally denied by
> the agency in writing and sent by certified or registered mail.
> The failure of an agency to make final disposition of a claim
> within six months after it is filed shall, at the option of the

>claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Section 2675(a) requires "complete exhaustion of Executive remedies before invocation of the judicial process." McNeil v. United States, 508 U.S. 106, 112 (1993); see also id. at 113 (holding "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). "No claim can be brought under the FTCA unless the plaintiff first presents the claims to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). In the Third Circuit, this exhaustion requirement "is jurisdictional and cannot be waived." Id. at 569.

A 1988 amendment to the FTCA known as the Westfall Act, 28 U.S.C. § 2671 "provides that tort claims filed in state court against federal employees acting within the scope of their employment 'shall be removed . . . to the district court of the United States [where the claim is pending] . . . and the United States shall be substituted as the party defendant.' 28 U.S.C. § 2679(d)(2)." Santos ex rel. Beato v. United States, 559 F.3d 189, 193 (3d Cir. 2009).

6

Removal here is predicated upon 42 U.S.C. § 233(c), and 28 U.S.C. § 2679(d)(3). Pursuant to 28 U.S.C. § 2679(d)(2):

> "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed . . . at any time before trial . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

42 U.S.C. § 233 (c) provides:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court: *Provided*, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the

7

> running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

The United States has the ability pursuant to 42 U.S.C. § 233(c) to remove the case from State court at any time before trial. See Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 81 (2d Cir. 2005). At this juncture, Defendant Dr. Frinjari is not yet a deemed employee of the United States, buit the United States agrees that if it is properly notified, Dr. Frinjari will qualify as a "deemed" employee under the Act.  In addition, default judgment has been entered against Dr. Frinjari and money damages have been awarded.  As such, the Government contends that Dr. Frinjari's removal is improper because there is no federal jurisdiction.

Dr. Frinjari claims that removal was achieved before a trial on the merits and that the default judgment is not final, because prior to removal Dr. Frinjari filed motions to vacate the default and dismiss the case.

## ANALYSIS

Dr. Frinjari's removal is untimely pursuant to 42 U.S.C. §233(c), and this case must be remanded to the Superior Court of New Jersey.[3] Section §233(c) permits removal at any time <u>before</u> trial.  42 U.S.C. §233(c).  Here, default judgment has been entered and money damages awarded. The Court finds that this is akin to a trial on the merits and forecloses Dr. Frinjari's right to remove this matter under 42 U.S.C. §233(c).

The Court finds Dr. Frinjari's argument that a default judgment is not a final judgment unpersuasive.  Dr. Frinjari relies on <u>A.B. v. Y.Z.</u>, 184 N.J. 599, 878 A.2d 807 (Sup. Ct. N.J. 2005) for support.  In <u>A.B.</u>, the Court, in the context of proof hearing to determine damages, considered whether defendant's right to confront his accuser was violated when the victim was allowed to appear by closed circuit television.  <u>A.B.</u>, 184 N.J. 599. In concluding that the error was harmless, the Court noted the posture of the case, including the less formal forum of the hearing as not having occurred in trial, but as a damages proof hearing following entry of procedural default.  <u>Id.</u> ("This was a civil proof hearing after default, not a trial.").

---

[3] The Court notes that several arguments have been advanced as to the timeliness of the removal.  During oral argument, the issues were narrowed and the Court will address the issue related to the finality of the entry of default judgment.

The distinction, between a trial and a proof hearing, drawn by the New Jersey Supreme Court, was procedural in nature; made to underscore the harmlessness of permitting a defendant to face his accuser through a medium, as opposed to face-to-face, when no jury is present. Id. The Court's distinction for purposes of characterizing an error as harmless, does not fortify Dr. Frinjari's argument here that the default judgment proceedings are not a final judgment for purposes of 42 U.S.C. §233.

In addition, Dr. Frinjari's reliance on Oviedo v. United States, 655 F.3d 419 (5th Cir. 2011) is unpersuasive. Under the specific facts of that case, the Fifth Circuit in Oviedo held that the finality of the Texas state court judgment, which was a default judgement with a money damages award, made removal improper. Oviedo, 655 F.3d at 420. In that case, defendants filed a motion to set aside the trial, but the state court never ruled on the motion and it became moot seventy-five days after the judgment was signed. Id. In this regard, the Fifth Circuit found that the individual defendants' failure to ask for a hearing allowed the time for an appeal and the district court's plenary jurisdiction to lapse. Id. Therefore, no issues remained in the case. Id.

Then, the United States filed a notice of removal and, once in federal court, moved to substitute itself for the defaulted individual defendants. Id. at 422.  Ultimately, the Fifth Circuit found removal improper, "[e]mphasizing the total finality of the state case[.]" Id. The court framed the issue, one of first impression, as considering the propriety of removal when "the time for seeking direct review of in the state courts had completely expired [at the time] the government filed its notice of removal." Id. The court bolstered the finality of the judgment as a trial on the merits, stating that "[t]here is simply no support in our precedent for the government's position that a case may be removed to federal court after the state court's jurisdiction has wholly expired." Id. at 423.  Dr. Frinjari argues that the "wholly expired" language renders his removal proper, since, in light of his motion to set aside the default and to dismiss the case, his appeal process has not expired in state court.  In addition, he argues that the government's post-default judgment substitution compels the government to substitute itself here, and relieve him from the burden of vacating the judgment.  The Court disagrees.

The Court in Oviedo acknowledged that the facts in that case were unique and that the default judgment was entered by a court of competent jurisdiction and made payable against the individual defendants, exclusive

11

of the government.  Oviedo, 655 F.3d at 420, 424.  Although the court stated that the defendants' failure to timely appeal the entry of the default judgment frustrated the propriety of removal because "the case is final for purposes of direct review in the state court system[,]" the fact that Dr. Frinjari filed a motion to vacate default and to dismiss in New Jersey state court does not justify removal.  There is no case law to support the conclusion that the government is compelled to substitute itself here at this juncture, simply because it did in Oviedo.

Likewise, the other cases relied upon by Dr. Frinjari do not involve a default judgement in which money damages were awarded; rather, these cases were removed during the procedural default stage- no judgment had been entered.  See Estrella v Yahav, No. 15-CV-4286, 2016 WL 1230555 (D.N.J. March 28, 2016); Taylor v. Gilliam, No. 13-CV-2947, 2013 WL 6253654 (D.N.J. Dec. 4, 2013).

Here, Dr. Frinjari has not served the government with the petition and has removed the matter improperly.  Removal pursuant 42 U.S.C. §233(c) must be made at any time before trial and by the Attorney General.  To permit removal and compel the government to substitute itself, and perhaps bind itself to a judgment achieved without its participation or knowledge, would do violence to 42 U.S.C. §233(c).  A default judgment in

which money damages are awarded is a final judgment.  See N.J. Ct. R. 4:43-2; Wright 7 Miller, 10A Fed. Prac. & Proc. Civ. § 2692 (3d ed. Apr. 2016 update).  In addition, because money damages were awarded, there is no issue left for trial. [4] cf.; Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970) (removal appropriate where default judgment entered, but trial on damages remained.).

The fact that Dr. Frinjari filed motions in state court attacking the validity of the default judgment does not rescue his timeliness argument. In essence, Dr. Frinjari is asking this Court to review the entry of a money judgment by a state court of competent jurisdiction.  Such a notion offends principles of comity. See, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (both standing for the proposition that a United States District Court has no subject matter jurisdiction to review final judgments of a state court.); see also Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed. Appx. 149, 153 (3d Cir. 2008) ("[T]o the extent that [Plaintiff] seeks to 'appeal from' the state court's . . . judgment, the District Court correctly dismissed the claim

---

[4] See Oviedo, 655 F.3d at 423 (citing Ohio v. Doe, 433 F.3d 502, 507 (6th Cir. 2006) ("We agree with the reasoning of our sister circuits in ruling that when all that remains of an action is the enforcement of a judgment, removal to federal court is not authorized.") (citing In re Meyerland Co., 910 F.2d 1257, 1266 (5th Cir. 1990) (Higginbotham, J., concurring in part and dissenting in part), same result reached on reh'g en banc, 960 F.2d 512 (5th Cir. 1992)); Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988) ("[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation.") (other citations omitted).

under Rooker-Feldman."). As a result, because the removal came after the entry of a default judgment in which money damages were awarded, the Court finds that removal is untimely pursuant to 42 U.S.C. §233(c).[5]

This matter will be remanded to the Superior Court of New Jersey.

Dated: December 20, 2016

                                            s/ Joseph H. Rodriguez
                                            Hon. Joseph H. Rodriguez,
                                            UNITED STATES DISTRICT JUDGE

---

[5] To the extent that Dr. Frinjari relies on 28 U.S.C. § 2679 (d), that statute affords only the Attorney General the ability to remove a case after, and not the employee defendant, and only after the employee defendant has properly served the petition on the government.  See 28 U.S.C. § 2679 (d)(3), In addition 42 U.S.C. § 233(l) provides that "deemed" employees are beholden to the removal procedures set forth in 28 U.S.C. 233(c)—not 28 U.S.C. § 2679 (d).